IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT D.H. REDMAN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 13 CV 3810 |
| v. | ) ) | Judge Der-Yeghiayan |
| CITY OF CHICAGO, | ) ) | JURY DEMANDED |
| Defendant. | ) ) | |

## ANSWER AND AFFIRMATIVE DEFENSE

NOW COMES the Defendant, City of Chicago ("City"), by its counsel, and in answer to Plaintiff's complaint states as follows.

**1. This is a consumer class action based upon Defendant's violations of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, *as amended* (the "FCRA"). Specifically, this action is based on Section 1681c(g) of the FCRA. This section of the FCRA, like many others, was designed to combat the rampant increase of identity theft throughout the nation in recent years. Under the FCRA, companies that accept credit and debit cards are required to restrict the information they print on sales receipts. Such a practice, if followed, reduces an identity thief's ability to obtain valuable account information relating to a consumer. Despite the simple steps necessary to comply, and despite abundant notice, Defendant simply chose to ignore compliance with the FCRA. As such, consumers who purchase goods and services from Defendant receive none of the benefits that Section 1681c(g) was designed to confer, and are uniformly burdened with an elevated risk of identity theft.**

**ANSWER**: The City admits that this action is based on Section 1681c(g) of the FCRA (15 U.S.C. §1681c(g)), and that pursuant to aforementioned provision of the FCRA, under certain circumstances companies are required to restrict the information they print on certain receipts. The City is without knowledge and information sufficient to form a belief as to the truth of the allegations of the third and fourth sentences of this paragraph. The City denies the remaining allegations of this paragraph.

1

## Jurisdiction and Venue

**2.**     **Jurisdiction of this Court arises under 15 U.S.C. § 1681, 28 U.S.C. §§ 1331 and 1337.**

**ANSWER:**   The City admits jurisdiction of this Court arises under 28 U.S.C. § 1331 and denies the remaining allegations of this paragraph.

**3.**     **Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).**

**ANSWER:**   Admitted.

## Parties

**4.**     **Plaintiff is an individual who resides in this district.**

**ANSWER:**   The City is without knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

**5.**     **Defendant is an Illinois municipal corporation with its principal place of business in this district.**

**ANSWER:**   Admitted.

**6.**     **At all relevant times, Defendant was a "person who accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA.**

**ANSWER:**   Denied.

## Statutory Framework

**7.**     **In 2003, FACTA was enacted to bolster protections for consumers from identity theft.**

**ANSWER:**   The City is without knowledge and information sufficient to form a belief as the truth of the allegations of this paragraph.

**8.**     **FACTA, 15 U.S.C. § 1681c(g) provides as follows:**

> **Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card**

> number or the expiration date upon any receipt provided to
> the cardholder at the point of sale or transaction.

**ANSWER:** The City admits that Plaintiff has quoted a portion of 15 U.S.C. §1681c(g) but denies that Plaintiff has quoted the entirety of Subsection (g). The City further admits that Subsection (g) was added to the FCRA as part of the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), which amended the FCRA. The City denies any remaining allegations of this paragraph.

**9. § 1681c(g) applies to any "device that electronically prints receipts" ("Devices") for point of sale transactions.**

**ANSWER:** Denied.

**10. Devices first put into use after January 1, 2005 must have been immediately compliant with 15 U.S.C. § 1681c(g).**

**ANSWER:** The City is without knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

**11. Devices first put into use prior to January 1, 2005 must have complied with 15 U.S.C. § 1681c(g) by December 4, 2006.**

**ANSWER:** The City is without knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

**12. FACTA gave merchants who accept credit or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.**

**ANSWER:** The City is without knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

**13. On June 3, 2008, FACTA was amended to provide that**

> any person who printed an expiration date on any receipt provided to
> a consumer cardholder at a point of sale or transaction between December
> 4, 2004 and June 3, 2008, but otherwise complied with the requirements of

3

**section 1681c(g) of this title for such receipt shall not be in willful noncompliance with section 1681c(g) of this title by reason of printing such expiration date on the receipt.**

**15 U.S.C. § 1681n(d).**

**ANSWER:** The City admits that Section 1681n of the FCRA, (15 U.S.C. §1681n) was amended by the Credit and Debit Card Receipt Clarification Act of 2007 and that the amendment was effective June 3, 2008 and it added Subsection (d) to Section 1681n. The City admits that Plaintiff has quoted portions of Subsection (d) to Section 1681n but denies that Plaintiff has accurately quoted the portions of the Subsection quoted and that the Subsection has been quoted in its entirety. The City denies any remaining allegations of this paragraph.

## COUNT I
*Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681c(g)*

**14. Plaintiff incorporates paragraphs 1 through 13 as though fully stated herein.**

**ANSWER:** The City incorporates by reference its answers to paragraphs 1 through 13 above in answer to the allegations of this paragraph.

**15. On May 17, 2013, Plaintiff made a purchase at Defendant's Office of the City Clerk at 121 N. LaSalle St., Chicago, IL 60602. To pay for the purchase, Plaintiff used his MasterCard card. Following the transaction, Plaintiff received from Defendant an electronically-printed receipt that displayed eight (8) digits of the card number and the expiration date of Plaintiff's MasterCard card.**

**ANSWER:** The City is without knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

**16. Plaintiff brings this action individually and on behalf of the following putative Class: All persons to whom the City of Chicago's Office of the City Clerk, located at 121 N. LaSalle St., Room 107, Chicago, Illinois 60602, provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring**

on or after May 22, 2011, which receipt displayed more than the last four (4) digits of the credit or debit card number and/or displayed the expiration date of the person's credit or debit card.

**ANSWER:** The City admits that Plaintiff brings this action individually and seeks to bring this action on behalf of the putative class set forth in this paragraph. The City denies any remaining allegations of this paragraph.

**17. The Class is so numerous that joinder of all individual members in one action would be impracticable. On information and belief, there are more than 100 persons to whom Defendant provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring on or after May 22, 2011, which receipt displayed more than the last four (4) digits of the credit or debit card number and/or displayed the expiration date of the person's credit or debit card.**

**ANSWER:** Denied.

**18. Plaintiff's claims are typical of the claims of the Class members. All are based on the same legal theories and arise from the same unlawful and willful conduct.**

**ANSWER:** Denied.

**19. There are common questions of law and fact affecting members of the Class, which common questions predominate over questions that may affect individual members. These common questions include, but are not limited to:**

    **a. Whether Defendant had a practice of providing consumers with electronically printed receipts on which Defendant printed the expiration dates of consumers' credit or debit cards; and**

    **b. Whether Defendant thereby willfully violated FACTA.**

**ANSWER:** Denied.

**20. Plaintiff will fairly and adequately represent the Class members. Plaintiff has no interests that conflict with the interests of Class members. Plaintiff has retained counsel experienced in handling consumer class actions. Neither Plaintiff nor his counsel has any interests that might cause them not to pursue this claim vigorously.**

**ANSWER:** The City admits the allegations of the third sentence of this paragraph and is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

**21.** **This action should be maintained as a class action because the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual members that would establish incompatible standards of conduct for the parties opposing the Class.**

**ANSWER:** Denied.

**22.** **Whether Defendant failed to comply with 15 U.S.C. § 1681c(g) can be easily determined by a review of its policies and a ministerial inspection of its business records.**

**ANSWER:** Denied.

**23.** **A class action is a superior method for the fair and efficient adjudication of this controversy. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. Moreover, the identities of the Class members may be obtained from Defendant's records, rendering identification of the class something capable of ministerial review.**

**ANSWER:** Denied.

**24.** **At all relevant times, Defendant used Devices for point of sale transactions.**

**ANSWER:** Denied.

**25.** **As of May 17, 2013, Defendant was aware that it was prohibited from providing to consumers sales receipts that displayed (a) more than the last five (5) digits of consumers' credit or debit card numbers and that it was prohibited from providing to consumers sales receipts that displayed the expiration dates of consumers' credit or debit cards.**

**ANSWER:** The City admits that as of May 17, 2013, certain of its employees may have been aware of the requirements or prohibitions contained in 15 U.S.C. §1681c and denies

the remaining allegations of this paragraph.

26. **Prior to May 17, 2013, VISA, MasterCard and other card associations, acquirers and issuers advised merchants, including Defendant, of the need to truncate card numbers and expiration dates on electronically printed receipts.**

**ANSWER:** The City is presently without knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

27. **Prior to May 17, 2013, VISA, MasterCard and other card associations, acquirers and issuers contractually required merchants accepting those cards to truncate card numbers and expiration dates on electronically printed receipts.**

**ANSWER:** The City is presently without knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

28. **As of January 1, 2005, the Illinois Consumer Fraud and Deceptive Business Practices Act provided that**

> **...no provider may print or otherwise produce or reproduce or permit the printing or other production or reproduction of the following: (i) any part of the credit card or debit card account number, other than the last 4 digits or other characters, (ii) the credit card or debit card expiration date on any receipt provided or made available to the cardholder.**

**815 ILCS 505/2NN.**

**ANSWER:** The City admits that as of January 1, 2005 the Illinois Consumer Fraud Act contained the language quoted by Plaintiff in this paragraph and denies that the aforementioned language quotes the entirety of 815 ILCS 505/2NN. The City denies any remaining allegations of this paragraph.

29. **On or after May 22, 2011, Defendant provided Plaintiff and Class members receipts that failed to comply with 15 U.S.C. § 1681c(g).**

**ANSWER:** The City denies that it provided receipts that failed to comply with 15 U.S.C. §1681c(g) to "Class members" as no class has been certified. The City is without

7

knowledge and information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

**30. At all times pertinent hereto, Defendant acted by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant.**

<u>**ANSWER**</u>: The City is without knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

**31. Notwithstanding that (1) Defendant had many years to comply with FACTA, (2) Defendant was contractually required to comply with the truncation requirements even before the FACTA compliance deadlines, (3) Defendant was aware of the truncation requirements and (4) Illinois required truncation of card receipts by January 1 2005, Defendant provided consumers with credit and debit card receipts that failed to comply with 15 U.S.C. § 1681c(g).**

<u>**ANSWER**</u>: Denied.

**32. Defendant willfully violated the FCRA.**

<u>**ANSWER**</u>: Denied.

**33. As a result of Defendant's willful violations of the FCRA, it is liable to Plaintiff and Class members pursuant to 15 U.S.C. § 1681n.**

<u>**ANSWER**</u>: Denied.

## <u>JURY DEMAND</u>

The City demands a trial by jury.

## <u>FIRST AFFIRMATIVE DEFENSE</u>

In the context of a class action, the statutory damages allowed under the FCRA for violations of 15 U.S.C. 1681c(g) are excessive and violate the City's due process rights under the United States Constitution.

                              Respectfully submitted,

                              CITY OF CHICAGO

                              <u>s/Bart T. Murphy         </u>
                              By one of its attorneys

Bart T. Murphy (6181178)
Thomas J. Hayes (6280179)
Isaac J. Colunga (6289253)
Ice Miller LLP
2300 Cabot Dr., Ste. 455
Lisle, IL 60532
(630) 955-6392

Karen M. Dorff
Rebecca A. Hirsch
City of Chicago, Department of Law
30 North LaSalle Street
Suite 1230
Chicago, IL 60602
(312) 744-0740

## **CERTIFICATE OF SERVICE**

       The undersigned, an attorney, states that on July 22, 2013, he caused the foregoing to be filed with the Clerk of the United States District Court for the Northern District of Illinois and a copy of which will be served on the following counsel of record by the Clerk's ECF/CM system.

        Karl G. Leinberger       karl@markleinlaw.com
        Paul F. Markoff          paul@markleinlaw.com


                            s/Bart T. Murphy
                            Bart T. Murphy
                            Ice Miller LLP
                            2300 Cabot Dr., Ste. 455
                            Lisle, IL 60532
                            (630) 955-6392

C/183909.1