**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SCOTT D.H. REDMAN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 13 C 3810 |
| v. | ) ) | Judge Ellis |
| CITY OF CHICAGO, | ) ) | Magistrate Valdez |
| Defendant. | ) ) | |

<u>**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**</u>

**IT IS HEREBY STIPULATED AND AGREED** by and between Scott D.H. Redman, individually and on behalf of all others similarly situated; and City of Chicago, as set forth below:

<u>**INTRODUCTION**</u>

This Settlement Agreement is made for the sole purpose of consummating settlement of the Lawsuit (as this term and all other defined terms are defined in Section 1 below) on a class basis. This Settlement Agreement is made in full compromise and release of all disputed claims in the Lawsuit. Because the Lawsuit was pled as putative class action, this settlement must receive preliminary and final approval by the Court. Additionally, this settlement must receive approval by the City Council of the City of Chicago, and notwithstanding execution of this Settlement Agreement, this settlement is contingent on approval of the City Council, which must be obtained before seeking approval of the Court. If the City Council does not approve this settlement or if the Court does not enter the Final Approval Order or if the Final Approval Order does not become Final for any reason, this Settlement Agreement shall be deemed null and void *ab initio*; it shall be of no force or effect whatsoever (except for the restrictions on use provided

1

Exhibit 1

in this paragraph and the provisions set forth in paragraphs 2.5(E) and 2.9(D)); it shall not be referred to or utilized for any purpose whatsoever; and the negotiation, terms and entry of this Settlement Agreement shall remain subject to the provisions of Federal Rule of Evidence 408 and any applicable state law(s) governing settlement negotiations and offers to compromise legal claims.

**NOW, THEREFORE, IT IS HEREBY FURTHER STIPULATED AND AGREED** by and between the Class Representative (for himself and the Class Members) and Defendant, with the assistance of its counsel, that, as between the Settling Parties, and all Class Members, the Lawsuit and the Released Claims shall be finally and fully compromised, settled and released, and the Lawsuit shall be dismissed with prejudice, as to each of the Settling Parties, upon and subject to the terms and conditions set forth herein.

## <u>RECITALS</u>

**WHEREAS,** the Lawsuit was commenced by Plaintiff, individually and on behalf of all others similarly situated, and is currently pending and unresolved between Plaintiff and Defendant;

**WHEREAS,** in the Lawsuit, Plaintiff alleges that Defendant violated the truncation requirements of the Fair and Accurate Credit Transactions Act ("FACTA"), specifically 15 U.S.C. § 1681c(g), by providing to Plaintiff and other consumers electronically-printed receipts that displayed more than the last five digits of those persons' respective credit or debit card numbers and displayed those persons' respective credit or debit card expiration dates;

**WHEREAS,** in the Lawsuit, Plaintiff seeks statutory damages, attorneys' fees and costs;

**WHEREAS,** Defendant denies Plaintiff's claims, denies any liability to Plaintiff and the putative class and denies any wrongdoing of any kind relative to the allegations asserted in the Lawsuit and further denies that Plaintiff or any member of the putative class is entitled to statutory damages, attorneys' fees or costs;

**WHEREAS,** the Settling Parties agree that it is desirable that the Lawsuit and the claims alleged therein be settled upon the terms and conditions set forth herein to avoid further expense and uncertain, burdensome and potentially protracted litigation, and to resolve all claims that have been or could have been asserted by Plaintiff and the putative class;

2

**WHEREAS**, the Settling Parties have engaged in extensive arms-length settlement negotiations, and Class Counsel represent that they have otherwise conducted a thorough study and investigation of the law and the facts relating to the claims that have been or might have been asserted in the Lawsuit and have concluded, taking into account the benefits that Plaintiff and the putative class members will receive as a result of this Settlement Agreement and the risks and delays of further litigation, that this Settlement Agreement is fair, reasonable and adequate and in the best interests of Plaintiff and the putative class members; and

**WHEREAS**, in consideration of the foregoing and other good and valuable consideration, it is hereby stipulated and agreed by and between the Settling Parties that the claims of Plaintiff and the putative class in the Lawsuit be and are hereby compromised and settled, subject to Court approval of this Settlement Agreement, upon the terms and conditions set forth below.

## DEFINITIONS

As used in all parts of this Settlement Agreement, the following terms have the meanings specified below:

1.1     "Action Deadline" means the date 90 days after entry of a Preliminary Approval Order or as otherwise set by the Court.

1.2     "Claim Form" means the form attached hereto as **Exhibit A** or an equivalent online form.

1.3     "Class Administrator" means the firm approved by the Court, which is retained to issue notice to the Settlement Class Members and to administer the settlement including receiving and processing claims and issuing settlement checks.

1.4     "Class Counsel" means Paul F. Markoff and Karl G. Leinberger of Markoff Leinberger LLC.

1.5     "Class Member" means a person who is a member of the Settlement Class as identified in paragraph 2.1.

1.6     "Class Notice" means the notice to be approved by the Court as set forth in paragraph 2.5.

1.7     "Class Period" means January 21, 2013 through May 29, 2013.

1.8     "Class Representative" means Plaintiff.

1.9     "Clerk's Office" means any of the following locations of the Office of the City Clerk of the City of Chicago:  121 N LaSalle St Rm 107, Chicago IL 60602; 5430 W Gale St, Chicago IL 60630 and 5674 S Archer Ave Unit A, Chicago IL 60638.

3

1.10 "Court" means the United States District Court for the Northern District of Illinois, Eastern Division.

1.11 "Defendant" means City of Chicago.

1.12 "Effective Date" means the date 5 business days after the date on which the Final Approval Order becomes a final and non-appealable order.

1.13 "Fairness Hearing" means a hearing set by the Court for the purpose of: (i) determining the fairness, adequacy and reasonableness of the Settlement Agreement and associated settlement pursuant to class action procedures and requirements; and (ii) entering the Final Approval Order.

1.14 "Final Approval Order" means an order to be entered by the Court entitled "Final Approval Order," substantially in the form attached hereto as **Exhibit D**.

1.15 "Lawsuit" means the lawsuit currently pending in the Court as *Scott D.H. Redman v. City of Chicago*, case no. 13 C 3810.

1.16 "Participating Claimant" means each Class Member who submits a Valid Claim Form.

1.17 "Plaintiff" means Scott D.H. Redman.

1.18 "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

1.19 "Preliminary Approval Order" means an order to be entered by the Court, entitled "Preliminary Approval Order," substantially in the form attached hereto as **Exhibit C**.

1.20 "Released Claims" means any and all claims or causes of action, whether known or unknown, asserted or unasserted, which Plaintiff or any Class Member has, may have or had against any of the Releasees (as defined herein) that arise from or relate to Defendant's alleged failure to truncate information printed on credit or debit card receipts issued by the Clerk's Office during the Class Period, as required under 15 U.S.C. § 1681c(g), including but not limited to the claims that were alleged in the Lawsuit or which could have been alleged in the Lawsuit.

1.21 "Releasees" means the City of Chicago and any of its agencies or sub-units, its appointed and elected officials and its employees, contractors, subcontractors and vendors.

1.22 "Settlement Agreement" means this Settlement Agreement and all of its attachments and exhibits, which the Settling Parties understand and agree sets forth all material terms and conditions of the settlement among them and which is subject to Court approval.

1.23 "Settlement Class" means the conditional class that the Settling Parties have consented to for purposes of settlement only, as identified in paragraph 2.1.

4

1.24    "Settlement Fund" means the fund described in paragraph 2.2.

1.25    "Settling Parties" means Plaintiff and Defendant.

1.26    "Valid Claim Form" means a Claim Form that is (a) completed, (b) signed, and (c) submitted to the Class Administrator online or postmarked by the Action Deadline. Plaintiff and Defendant shall have the right to verify that each Claim Form submitted is valid. Either Party challenging any claim shall apprise the other Party of the challenge, and the Parties, through their respective counsel, shall meet and confer in good faith in an attempt to resolve any challenged claim. If the Parties are unable to resolve such a challenge, the Parties shall submit the challenge to the Court for resolution. The Settling Parties shall each bear their own respective costs associated with any such challenge.

## TERMS AND CONDITIONS

2.1    **The Settlement Class**. The Settling Parties stipulate to certification of the following class for settlement purposes only:

> All persons who made a payment in person to the City of Chicago Office of the City Clerk using a personal (not business) credit or debit card at any location of the City Clerk's Office (121 N LaSalle St Rm 107, Chicago IL 60602; 5430 W Gale St, Chicago IL 60630; 5674 S Archer Ave, Unit A, Chicago IL 60638), during the period January 21, 2013 through May 29, 2013 and who received a receipt for the payment at the time of the transaction.

2.2    **Settlement Fund**. Defendant shall pay a total of $571,320 (the "Settlement Fund") to Plaintiff and the Settlement Class to settle this Lawsuit. Within 7 days after entry of a Preliminary Approval Order, Defendant shall pay $50,000 to the Class Administrator, which shall be used to provide notice to Class Members and associated administrative costs. Within 5 business days after the Effective Date, Defendant shall pay $521,320 to the Client Trust Account of Class Counsel, which shall be used to pay Participating Claimants, Class Representative, Class Counsel and associated administrative costs and any other disbursements ordered by the Court or required under the Settlement Agreement. Class Counsel may use the Claims Administrator to perform these services. Once Defendant pays the total sum of $571,320 it shall have no further financial obligations to the Settlement Class Members under the Settlement Agreement.

2.3    **Disbursement of Settlement Fund**. The Class Administrator shall pay the amounts identified in paragraph 2.3(A)-(D) below from the Settlement Fund as set forth in this paragraph and in paragraph 2.9.

    A.    Notice and Administration Costs. Costs of Class Notice (see paragraph 2.5) and Administration (see paragraph 2.9) shall be paid from the Settlement Fund at the time such expenses are incurred.

5

B.   Class Recovery.  Participating Claimants will receive a single *pro rata* (per person) distribution of any money remaining in the Settlement Fund after deducting from the Settlement Fund the amounts set forth in paragraphs 2.3(A), 2.3(C) and 2.3(D); provided, however, that no Participating Claimant will receive more than $1,000.

C.   Payment to Class Representative.  Plaintiff shall be paid $5,000 from the Settlement Fund for his individual claim and as an incentive award for his services as Class Representative.  This award is subject to Court approval.

D.   Payment to Class Counsel.  Class Counsel shall petition the Court for an award of attorneys' fees (up to 33% of the Settlement Fund) and costs, which awarded amount shall be paid from the Settlement Fund.  This award is subject to Court approval.

2.4   **Release**.

A.   Release by Plaintiff and Class and Class Counsel.   Except for the obligations created by this Settlement Agreement, upon the Effective Date, Plaintiff, Class Counsel and each Class Member who has not excluded himself or herself from the Settlement Class  remise, release and forever discharge the Releasees for the Released Claims.

B.   Release by Defendant.   Except for the obligations created by this Settlement Agreement, upon the Effective Date, Defendant releases and forever discharges Plaintiff, Class Counsel and the Class Members from any and all claims, charges, complaints, demands, judgments, causes of action, rights of contribution and indemnification, attorneys' fees, costs and liabilities of any kind, whether known or unknown, arising from the investigation, filing or prosecution of the Lawsuit.

C.   Release by Plaintiff.  In addition to the release he grants under subsection (A) above, Plaintiff in his individual capacity, further releases the Releasees from any and all liability for any cause of action or claim arising from or related to any violation by Defendant of any provision of the Fair and Accurate Credit Transactions Act amendments to the Fair Credit Reporting Act from the beginning of time to the date of this Settlement Agreement.

2.5   **Class Notice**.

A.   First Class Mail.  Class Counsel shall ensure that the Class Administrator issues the class notice (**Exhibit B** hereto or as otherwise ordered by the Court) to be sent, by first-class mail to each Class Member for whom Defendant has a last known mailing address no later than 30 days after entry of a Preliminary Approval Order (see paragraph 2.7), which notice shall be sent to the Class Members' respective last known address, as reflected in Defendant's records or as indicated to the Class Administrator by the United States Postal Service.  If any of the foregoing mailings are returned, and a possible new address is noted on the returned mailings, the Class Administrator shall resend the

6

mailings to the newly-noted addresses within seven (7) days following its receipt of any such returned mail.

      B.    <u>Website</u>. The Class Administrator shall establish and maintain a website with the URL <u>www.clerkcardsettlement.com</u> (the "Settlement Website"), on which it shall post the class notice (Exhibit B hereto or as otherwise ordered by the Court). The website shall provide a mechanism for Class Members to submit claims electronically or download Claim Forms and it shall provide a toll-free number that Class Members can call to obtain Claim Forms or be directed to Class Counsel with questions. The website shall also provide a mechanism for Class Members to exclude themselves from the Settlement Class. The website and toll-free number shall be established within 30 days after entry of a Preliminary Approval Order and be maintained until 120 days after the Effective Date. Any material posted on the Settlement Website shall be mutually agreed to by the Parties and if there is a dispute which cannot be resolved it shall be presented to the Court for resolution.

      C.    <u>Class List</u>. Within 7 days after entry of a Preliminary Approval Order, Defendant shall provide, at Defendant's expense, to the Class Administrator and Class Counsel a list of Class Members that includes each Class Member's name and last known address (which list it shall provide in electronic, searchable form).

      D.    <u>Costs</u>. Except for compiling and providing the class list, the costs of Class Notice shall be paid from the Settlement Fund as such costs are incurred and as directed by the Class Administrator. If this Settlement Agreement is terminated or if the Court does not approve this Settlement Agreement, Defendant shall bear the costs of Class Notice incurred to that date.

      E.    Within ten (10) days after the Settlement Agreement is filed in Court, and at its expense, Defendant shall provide notice of this settlement to the appropriate government authorities pursuant to 28 U.S.C. § 1715(b).

## 2.6    <u>Opt-Out/Exclusion/Right to Object/Participation</u>.

      A.    <u>Opt-Out/Exclusion</u>. Any Class Member, except Plaintiff, may seek to be excluded from this Settlement Agreement and from the Settlement Class by (a) completing the appropriate form on the settlement website or (b) submitting a written request to Class Counsel on or before the Action Deadline (postmarked if mailed). In each case, the requester must provide his/her name, current address, date, signature (which may be electronic if on website) and a statement to the effect of "I want to be excluded from the *Redman v. Chicago* Settlement." Any Class Member so excluded shall not be bound by the terms of this Settlement Agreement and not be entitled to any of its benefits.

      B.    <u>Objection</u>. Any Class Member, except Plaintiff, may object to the terms of this Settlement Agreement by filing a written objection with the Court by the Action Deadline (postmarked if mailed). Any Class Member who exercises his or her right to

object to this Settlement Agreement will be responsible for his or her own attorneys' fees and costs. Objections shall include the objector's name, current address, date, signature and the reasons for the objections.

2.7 **Preliminary Approval Order**. As soon as practicable after (a) execution of this Settlement Agreement and (b) approval of the Settlement Agreement by the City Council of the City of Chicago, the Settling Parties shall seek an order from the Court substantially in the form of Exhibit C, that:

        A.      preliminarily approves this Settlement Agreement;

        B.      conditionally certifies for purposes of settlement the Settlement Class as defined in paragraph 2.1;

        C.      schedules a hearing for final approval of this Settlement Agreement by the Court;

        D.      sets a briefing schedule for Class Counsel's petition for attorneys' fees and costs; and

        E.      approves the form and manner of notice to the Settlement Class as set forth in paragraph 2.5 and finds that such notice satisfies the requirements of due process pursuant to Federal Rules of Civil Procedure 23, the United States Constitution and any other applicable law and finds that no further notice to the Class is required.

The fact that the Court may require changes in the Preliminary Approval Order will not invalidate this Settlement Agreement if the changes do not materially modify this Settlement Agreement.

2.8 **Final Approval Order**. At the conclusion of, or as soon as practicable after, the close of the Fairness Hearing, the Settling Parties shall jointly request that the Court enter a Final Approval Order substantially in the form of Exhibit D, approving the terms of this Settlement Agreement as fair, reasonable and adequate; providing for the implementation of its terms and provisions; finding that the notice given to the Class satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, the United States Constitution and any other applicable law; and dismissing the claim of Plaintiff and the Class with prejudice and without costs. The fact that the Court may require changes in the Final Approval Order will not invalidate this Settlement Agreement if the changes do not materially modify this Settlement Agreement.

2.9 **Administration**.

        A.    <u>Settlement Administration</u>. Class Counsel shall retain a third-party to act as Class Administrator to provide Class Notice, process Claim Forms and exclusion requests and distribute the Settlement Fund. The Class Administrator shall establish and maintain a toll-free number that allows Class Members to call and receive Claim Forms and be directed to Class Counsel with questions. The toll-free number shall be

established within 30 days of entry of a Preliminary Approval Order and shall be maintained until 120 days after the Effective Date.

The Class Administrator shall periodically provide updates to Class Counsel and Defendant's counsel as to the number of claims submitted and exclusion/opt-out requests received. The Class Administrator shall also provide such updates, together with copies of any exclusion/opt-out requests, as requested by the Settling Parties' respective counsel.

B. Eligibility. If the Claims Administrator receives an incomplete or otherwise improperly filled out Claim Form that is otherwise timely submitted, the Claims Administrator shall contact the claimant and seek such information as is needed to correct the deficiency. If the deficiency cannot be corrected by the Claims Administrator, then Class Counsel and Defendant's attorneys shall jointly determine whether the claimant is eligible to receive any of the benefits described in paragraph 2.3(B), or if they cannot agree upon such a determination in good faith, then the Court shall determine whether the claimant is entitled to the relief requested.

Defendant shall use its best efforts in assisting to verify the validity of claims if requested by the Class Administrator and/or Class Counsel.

C. Distribution of Settlement Fund.

1. To Class. Within 30 days after the Effective Date, the Class Administrator shall send, by first-class mail, return service requested, to each Participating Claimant his/her share of the Settlement Fund; provided, however, that if payments to Participating Claimants exceed $600 each, a Participating Claimant must first submit a complete Form W-9 to the Class Administrator before receiving payment. Payments shall be sent to each Participating Claimant's last known address, as reflected in Defendant's records, as updated by the Class Notice process. If any of the foregoing mailings are returned, and a possible new address is noted on the returned mailings, the Class Administrator shall resend the mailings to the newly-noted addresses within seven (7) days. Checks to Participating Claimants shall be valid for 90 days from the date of issuance. If a Participating Claimant does not negotiate his/her check within those 90 days, he/she shall be deemed to have withdrawn his/her Claim.

2. Other. Within 30 days after the Effective Date, the Class Administrator shall make the payments to the Class Representative and Class Counsel, as identified in paragraph 2.3.

D. Costs. Reasonable costs of administration set forth in this paragraph 2.9 shall be paid from the Settlement Fund as they are incurred and as directed by the Class Administrator. Class Representative, Class Members and Class Counsel shall have no responsibility for any costs related thereto. If this Settlement Agreement is terminated or if the Court does not approve this Settlement Agreement, Defendant shall bear the reasonable costs of administration incurred up to that date.

2.10 **Release of Attorney's Lien**. In consideration of this Settlement Agreement, Class Counsel hereby waive, discharge and forever release Defendant from any and all claims for attorneys' fees, by lien or otherwise, for legal services rendered by Class Counsel in connection with the Lawsuit; provided, however, that this release is conditioned upon full performance by Defendant of its obligations under this Settlement Agreement. If Plaintiff is compelled to prosecute any further proceedings to seek Defendant's compliance with this Settlement Agreement, and prevails in such proceedings, Plaintiff shall be entitled to reasonable attorneys' fees and costs related to such proceedings. If Defendant is compelled to prosecute any further proceedings to seek Plaintiff's or his Counsel's compliance with this Settlement Agreement, and prevails in such proceedings, Defendant shall be entitled to reasonable attorneys' fees and costs related to such proceedings.

2.11 **No Admission of Liability**. Whether or not this Settlement Agreement is consummated, this Settlement Agreement and all proceedings had in connection herewith shall in no event be construed as, or be deemed to be, evidence of an admission or concession by Defendants of any liability or wrongdoing whatsoever, which liability or wrongdoing is expressly denied by Defendant.

2.12 **Best Efforts**. The Settling Parties and their respective counsel agree to cooperate fully with one another in seeking Court approval of this Settlement Agreement and to use their best efforts to effect the consummation of this Settlement Agreement.

2.13 **Notices**. Notices regarding this Settlement Agreement directed to Plaintiff and/or the Class shall be sent to:

> Paul F. Markoff
> Markoff Leinberger LLC
> 134 N LaSalle St., Ste. 1050
> Chicago, IL 60602
> Fax:    312.674.7272

Notices to Defendant shall be sent to:

> Bart T. Murphy
> Ice Miller LLP
> 2300 Cabot Dr., Ste. 455
> Lisle IL 60532
> Fax:    630.955.4271
>
> and
>
> Mardell Nereim
> Deputy Corporation Counsel
> City of Chicago Law Dept.
> 30 N. LaSalle St., Ste. 1230

10

Chicago, IL 60602
Fax:    312.742.3925

The persons and addresses designated in this paragraph may be changed with written notice to the other signatories hereto.

2.14    **Counterparts**.  This Settlement Agreement may be signed in counterparts, in which case the various counterparts shall constitute one instrument for all purposes.  The signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies, facsimiles or scanned copies of the signature pages of this Settlement Agreement may be treated as originals.

2.15    **Nullification**.  The Settling Parties have agreed to resolve the Lawsuit through this Settlement Agreement; however, to the extent this Settlement Agreement is deemed void or the Effective Date does not occur, the Settling Parties do not waive, but rather expressly reserve, all rights to present any claims and defenses.

2.16    **Binding Agreement**.  Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of the Settling Parties and each of their respective current and former heirs, executors, administrators, parents, subsidiaries, affiliates and controlled companies, and each of their officers, directors, managers, shareholders, partners, employees, predecessors, successors, assigns, agents, insurers, co-insurers, re-insurers and attorneys, all of whom/which persons and entities are intended to be beneficiaries of this Settlement Agreement.

2.17    **Governing Law**.  This Settlement Agreement shall be considered to have been negotiated, executed and delivered, and to have been wholly performed, in the State of Illinois, and the rights and obligations of the Settling Parties to this Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal substantive laws of the State of Illinois without giving effect to Illinois choice of law principles.

2.18    **Retention of Jurisdiction / Enforcement**.  The Court shall retain non-exclusive jurisdiction to implement and to enforce the terms of this Settlement Agreement, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Settlement Agreement and the Final Approval Order.  If any Settling Party is compelled to enforce this Settlement Agreement through a court proceeding, the prevailing Settling Party shall be entitled to its reasonable attorneys' fees and costs related to such proceedings.

2.19    **Interpretation**.  The Settling Parties acknowledge that they have had an equal opportunity to participate in the drafting of this Settlement Agreement and that each Settling Party and its counsel reviewed and negotiated the terms and provisions of this Settlement Agreement and have contributed to its revisions.  Therefore, in any dispute over the construction or interpretation of this Settlement Agreement, the Settling Parties agree and understand that the Settlement Agreement shall be construed fairly as to all Settling Parties and shall not be construed against any Settling Party on the basis of authorship.  The Settling Parties further agree

11

that in this Settlement Agreement the singular shall include the plural and vice versa where the content so requires.

2.20 **Entire Agreement**. This Settlement Agreement constitutes the entire agreement of the Settling Parties hereto as to the matters raised herein. The undersigned acknowledge that there are no communications or oral understandings contrary to, in addition to, or different from the terms of this Settlement Agreement and that all prior agreements or understandings within the scope of the subject matter of this Settlement Agreement are, upon execution of this Settlement Agreement, superseded and merged into this Settlement Agreement and shall have no effect. This Settlement Agreement may not be amended or modified in any respect whatsoever, except by a writing duly executed by the Settling Parties and their respective counsel.

2.21 **Authority**. The persons signing this Settlement Agreement hereby represent and warrant that they have read this Settlement Agreement, that they know and understand its terms, that they have consulted with counsel with respect hereto, that they have signed this Settlement Agreement freely, and that they intend that they and/or or any person or entity on whose behalf they are signing this Settlement Agreement will be fully bound by all the terms and provisions of this Settlement Agreement. Such persons further represent and warrant that they are competent to sign this Settlement Agreement and that, as necessary, all corporate or other legal formalities have been followed such that they have full authority to execute this Settlement Agreement on behalf of the person or entity for whom or for which they are signing this Settlement Agreement in a representative capacity.

2.22 **Right to Rescind**. Defendant shall have the independent right to rescind this Settlement Agreement if more than 100 Class Members validly exercise their right to be excluded or opt-out of this Settlement. Defendant's right to rescind must be exercised, if at all, by filing a notice of rescission with the Court no later than 14 days after the Action Deadline.

2.23 **Headings**. The headings of the several sections and paragraphs hereof are for convenience only and do not define or limit the contents of such sections or paragraphs.

2.24 **Severability**. In case any one or more of the provisions contained in this Settlement Agreement shall be determined to be invalid, illegal or enforceable in any respect, the validity, legality and enforceability of the remaining provisions contained herein shall not in any way be affected and/or impaired thereby, unless that determination materially changes this Settlement Agreement.

2.24 **Termination Of The Agreement**. If the Court does not approve this Settlement Agreement as set forth herein or as modified in a manner approved by the Parties, or if the Settlement does not receive final approval after review by any court of competent jurisdiction for any reason, or the Settlement Agreement is otherwise terminated in accordance with its terms, the Parties will be returned to their status immediately prior to execution of the Settlement Agreement as if this Settlement Agreement had never been made. Accordingly, upon any such termination for any reason, the Parties will be deemed to have preserved all their substantive or procedural rights or defenses with respect to the Lawsuit as of the date of the execution of this Settlement Agreement.

IN WITNESS WHEREOF, the Settling Parties hereto, have so agreed on the dates noted below.

**SCOTT D.H. REDMAN,**
Plaintiff and Class Representative,

By: _____          3/17/15
Scott D.H. Redman                                        Date

**CLASS COUNSEL**
**(for their obligations hereunder)**

_____          3/17/2015
Paul F. Markoff                                        Date
Karl G. Leinberger
Markoff Leinberger LLC
134 N LaSalle St., Ste. 1050
Chicago IL 60602

**CITY OF CHICAGO,**
Defendant,

By: _____          / /

Its: _____

13

**IN WITNESS WHEREOF**, the Settling Parties hereto, have so agreed on the dates noted below.

**SCOTT D.H. REDMAN,**
Plaintiff and Class Representative,

By: _____          _____ / _____ / _____
    Scott D.H. Redman                        Date

**CLASS COUNSEL**
**(for their obligations hereunder)**

_____          _____ / _____ / _____
Paul F. Markoff                             Date
Karl G. Leinberger
Markoff Leinberger LLC
134 N LaSalle St., Ste. 1050
Chicago IL 60602

**CITY OF CHICAGO,**
Defendant,

By: _____          3 / 17 / 15

Its: _Deputy Corporation Counsel_

13

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SCOTT D.H. REDMAN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 13 C 3810 |
| v. | ) ) | Judge Ellis |
| CITY OF CHICAGO, | ) ) | Magistrate Valdez |
| Defendant. | ) ) | |

<u>**CLAIM FORM**</u>

**THIS CLAIM FORM MUST BE COMPLETED, SIGNED AND SUBMITTED (OR POST-MARKED, IF MAILED) TO THE CLASS ADMINISTRATOR BY [--------------].**

<u>Class Administrator:</u>       -------------------------
                  -------------------------

        I affirm that, between January 21, 2013 and May 29, 2013, I made a payment in person using my <u>personal</u> (not a business card) credit or debit card to the City of Chicago Office of the City Clerk at one of its locations (121 N LaSalle St Rm 107, Chicago IL 60602; 5430 W. Gale St., Chicago, IL 60630; or 5674 S. Archer Ave. Unit A, Chicago, IL 60638), and received a receipt for the payment at the time of the transaction.

I hereby make a claim to receive my share of the Settlement Fund.

Signature:          _____

Printed Name:       _____

Address:            _____

                    _____

Email Address:      _____
(if you have one)

Telephone No.:      _____

15

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
*Redman v. City of Chicago*
*Case No. 13 C 3810*

NOTICE OF CLASS ACTION SETTLEMENT
www.clerkcardsettlement.com

TO:    All persons who made a payment in person to the City of Chicago Office of the City
Clerk using a personal (not business) credit or debit card at any location of the City
Clerk's Office (121 N LaSalle St Rm 107, Chicago IL 60602; 5430 W. Gale St., Chicago,
IL 60630; or 5674 S. Archer Ave. Unit A, Chicago, IL 60638), during the period January
21, 2013 through May 29, 2013 and who received a receipt for the payment at the time of
the transaction. ("Class" or "Settlement Class").

- You are receiving this notice, because City of Chicago records show that you meet the above definition,
and you may be eligible for a share of a $571,320 class action settlement.

- The settlement resolves a lawsuit alleging that the City of Chicago ("Defendant") violated certain
requirements imposed by the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681c(g) ("FACTA").
The City is not admitting it is liable and has entered into this settlement to avoid the expense and
inconvenience of continued litigation. This settlement entitles Class Members to submit a claim for a share
("Settlement Benefit") of a $571,320 settlement amount ("Settlement Fund").

- Your legal rights are affected whether you act or not. Read this notice carefully.

- This notice relates to a lawsuit against Defendant. This is not a lawsuit against you. You are not required
to take any action, but you must submit a claim to receive any benefits from this settlement.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

| | | |
|---|---|---|
| **SUBMIT A CLAIM** | The only way to get Settlement Benefit. You can submit a claim on-line at www.clerkcardsettlement.com or mail the enclosed claim form to the Claims Administrator by the deadline to the right. | DEADLINE: [prelim + 90 days] |
| **EXCLUDE YOURSELF** | Exclude yourself from the Settlement – you will receive no benefits under the settlement and you will retain any claims you have against Defendant | DEADLINE: [prelim + 90 days] |
| **OBJECT** | Write to the Court about why you do not like or object to the settlement. | DEADLINE: [prelim + 90 days] |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. | Date and Time: [----------------] |
| **DO NOTHING** | Receive no Settlement Benefit but remain a Member of the Settlement Class and release Defendant of liability. | |

- These rights and options – and the deadlines to exercise them – are explained in this Notice.

- The court in charge of this case still has to decide whether to approve the settlement. Settlement Benefits
will be distributed if the court approves the settlement and after appeals, if any, are resolved. Please be
patient.

17

**1. What is this lawsuit about?**

Scott Redman ("Plaintiff"), on behalf of all members of the Class, has asserted that Defendant violated certain requirements imposed by FACTA. Specifically, Plaintiff claims that Defendant printed more than the last five (5) digits of consumers' credit or debit card numbers and printed the expiration dates of consumers' credit or debit cards on receipts provided to Class Members, both of which violate FACTA. Plaintiff has not alleged any actual monetary damage. In the absence of actual monetary damages, in order for Plaintiff to prevail, Plaintiff would have to prove that Defendant willfully violated FACTA. Defendant denies the allegations and denies any liability or wrongdoing. Without any determination by the Court as to liability, the parties have entered into a Class Action Settlement Agreement and Release ("Settlement Agreement") in an effort to resolve this lawsuit without the need for a trial. For more information, you may contact Plaintiff's attorneys ("Class Counsel") at 312.726.4162.

**2. What is a class action?**

In a class action, one or more people called Class Representatives (in this case Scott Redman) sue on behalf of a group of people who have similar claims. The people with similar claims are a class or class members. One court resolves the issues for all class members, except for those who exclude themselves from the class.

**3. Why is there a settlement?**

The court did not decide in favor of Plaintiff or Defendant. Plaintiff thinks he would have prevailed at a trial. Defendant thinks it would have prevailed at trial. But there was no trial. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get compensation. The Class Representative and his attorneys recommend the settlement to Class Members.

**4. How do I know if I am part of the settlement?**

The court ruled that everyone who fits the following description is a Member of the Settlement Class:

> All persons who paid made a payment in person to the City of Chicago Office of the City Clerk using a personal (not business) credit or debit card at any location of the City Clerk's Office (121 N LaSalle St Rm 107, Chicago IL 60602; 5430 W. Gale St., Chicago, IL 60630; or 5674 S. Archer Ave. Unit A, Chicago, IL 60638), during the period January 21, 2013 through May 29, 2013 and who received a receipt for the payment at the time of the transaction.

If you received this notice, Defendant's records show that you are likely a member of the Class, unless you used a business or entity credit or debit card for payment.

**5. What does the settlement provide?**

Defendant will establish a Settlement Fund of $571,320.

Class Members who submit valid claims will receive a *pro rata* share of the Settlement Fund after certain deductions, except that the maximum recovery will be $1,000 per claimant. The following will be deducted from the Settlement Fund: (a) up to $5,000 paid to Plaintiff for his individual claim and his services as Class Representative; (b) up to 33% of the Settlement Fund ($188,500) to Class Counsel for attorneys' fees; (c) Class Counsel costs (undetermined at this time); and (c) costs for notifying Class Members of the settlement, administering the settlement and distributing Settlement Benefits (estimated to be $75,000). The amount each claimant will receive depends on the number of valid claims received, and can vary from approximately $15.80 per claim if all Class Members submit claims up to $1,000. If the amount paid for each claim exceeds $600, claimants will be required to submit IRS Form W-9 to receive payment.

**6. How can I get a Settlement Benefit?**

You must submit a completed claim form by [----------------]. You can submit a claim online at www.clerkcardsettlement.com [live link for web notice] or you can complete and mail the claim form included with this notice. If you lose your claim form and do not want to submit a claim online, you can download a claim form at www.clerkcardsettlement.com to submit a claim by mail or you can call [------------------] to have a claim

18

form mailed to you. In any case your claim form must be submitted (or postmarked, if mailed) by [----------------------------].

**8. When would I get my Settlement Benefit?**

The Court will hold a hearing on ----------------------------, **2015** at ----------. at the U.S. District Court, 219 S. Dearborn St., Courtroom 1403, Chicago, IL 60604, to decide whether to finally approve the settlement. If the Court approves the settlement, somebody may appeal the decision, which could take more than a year to resolve. Please be patient. If the Court approves the settlement and nobody objects to the settlement, Settlement Benefits will be distributed within 30 days after the Effective Date.

**9. What am I giving up to get Settlement Benefits and stay in the Class?**

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendant about the legal issues in *this lawsuit*. It also means that all of the Court's orders will apply to you and legally bind you, including a release of further liability against Defendant if the Court approves this settlement.

**10. Can I exclude myself from the Class?**

Yes. If you do not want to participate in the settlement or receive any Settlement Benefits, you must exclude yourself by either (a) excluding yourself online at www.clerkcardsettlement.com or (b) sending a letter to Class Counsel stating your intention to be excluded (opt out). Your election to opt out must contain the following information: your name, your current address, your signature (which may be electronic if on website), the date and a statement clearly stating words to the effect of "I want to be excluded from the *Redman v. Chicago* Settlement." Exclusions requests must be made (or post-marked, if mailed) no later than ----------------------. If you choose to exclude yourself by mail, send your letter to

Paul F. Markoff
Markoff Leinberger LLC
134 N LaSalle St., Ste. 1050
Chicago IL 60602

If you exclude yourself, you will not get any Settlement Benefits and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Defendant in the future.

**11. How can I object to the settlement?**

You can object to the settlement if you do not like any part of it. You must give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must submit a letter stating that you object to the *Redman v. Chicago* settlement and the reasons you object to the settlement. Your letter must also include a reference to case number 13 C 3810, your name, current address, telephone number, date and signature. You must file your letter with the Clerk of the District Court, 219 S. Dearborn St., 20th Floor, Chicago, IL 60604 by ----------------------.

If you want to object to the settlement, you must also submit a claim. If you do not submit a claim, your objection may be disregarded.

**12. What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about the settlement and that it should not be approved. You can object only if you stay in the Class and submit a claim. Even if the Court rejects your objection, you cannot thereafter exclude yourself from the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

**13. Do I have a lawyer in this case?**

The Court appointed lawyers to represent you and other Class Members. These lawyers are called Class Counsel. You will not be charged separately by these lawyers. They will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense. Class Counsel are:

19

Paul F. Markoff
Karl G. Leinberger
*Markoff Leinberger LLC*

**14.    When and where will the Court decide whether to approve the settlement?**

The Court will hold a hearing (a "Fairness Hearing") to decide whether to finally approve the settlement. The Fairness Hearing will be held on ------------------- at -------------- at the U.S. District Court, 219 S. Dearborn St., Courtroom 1403, Chicago, IL 60604. At the Fairness Hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are objections or requests to be heard, the Court will consider them at the hearing.

**15.    Do I have to attend the Fairness Hearing?**

No. Class Counsel will answer questions the Court may have, but you may attend at your own expense. If you send an objection, you do not have to go to court to talk about it. As long as you submitted your written objection on time, the Court will consider it. You may also have your own lawyer attend, but it is not necessary to hire a lawyer. You may ask the Court for permission to speak at the Fairness Hearing by sending a letter saying that it is your "Notice of Intention to Appear in *Redman v. City of Chicago.*" Your letter must also include a reference to case number 13 C 3810, your name, current address, telephone number and signature. You must <u>file</u> your letter with the Clerk of the District Court, 219 S. Dearborn St., 20th Floor, Chicago, IL 60604 by -----------------. You cannot speak at the Fairness Hearing if you exclude yourself from the Class.

**16.    What happens if I do nothing at all?**

If you do nothing, and the Court approves the settlement, you will not get any Settlement Benefit but you will still be bound by the settlement and you will not be able to sue Defendant on the claims raised in the lawsuit. If you want a Settlement Benefit, you <u>must</u> submit a claim form.

**17.    How do I get more information?**

You may seek the advice and guidance of your own attorney, at your own expense, if you desire; you may review the pleadings, records and other papers on file in this lawsuit, which may be inspected during regular business hours at the U.S. District Court, 219 S. Dearborn St., 20th Floor, Chicago, IL 60604. You may also view the settlement website, which contains copies of certain court documents, including the Settlement Agreement and Fee Petition, and other information at www.clerkcardsettlement.com or you may write or call Class Counsel (312.726.4162; see #10 above for address) for additional information.

### DO NOT CALL THE COURT WITH QUESTIONS

**18.    What if I move?**

If you move between now and when you receive a Settlement Benefit, please update your contact information with the Class Administrator (see below).

### Class Administrator

# EXHIBIT C

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT D.H. REDMAN, individually and on behalf of all others similarly situated, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | No. 13 C 3810 |
| | ) | |
| v. | ) | Judge Ellis |
| | ) | |
| CITY OF CHICAGO, | ) | Magistrate Valdez |
| | ) | |
| Defendant. | ) | |

### [PROPOSED] PRELIMINARY APPROVAL ORDER

This matter coming before the Court on the joint request of Plaintiff and Defendant (the "Settling Parties") for preliminary approval of a Class Action Settlement Agreement and Release, and having considered the papers submitted to the Court and proceedings to date, **THE COURT FINDS AS FOLLOWS**:

1.     The Settling Parties have reached an agreement to settle all claims in the Lawsuit;

2.     For purposes of settlement only, the Court preliminarily concludes that (a) the Settlement Class is ascertainable and sufficiently numerous such that joinder of all members of the Settlement Class is impracticable; (b) there exist common questions of law and fact, including whether Defendant's display of the more than the last five (5) digits of credit and debit card numbers and display of expiration dates of credit and debit cards on consumer copies of electronically-printed receipts constitutes a willful violation of the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681c(g); (c) the claim of Plaintiff Scott D.H. Redman is typical of the Class Members' claims; (d) Plaintiff Scott D.H. Redman is an appropriate and adequate representative for the Settlement Class and his attorneys, Paul F. Markoff and Karl G. Leinberger, are adequate and qualified to serve as Class Counsel; (e) common questions of law

and fact predominate over any questions affecting only individual Class Members; and (f) a class action is the superior method for the fair and efficient adjudication of the claims of the Class Members;

3.     The proposed settlement is within the range of fairness and reasonableness and meets the requirements for preliminary approval;

4.     The notice to the Settlement Class proposed in the Settlement Agreement is the best practicable notice under the circumstances, is the only notice to the Class Members that is required and such notice satisfies the requirements of Fed. R. Civ. P. 23(c)(2)(B).

**THEREFORE, IT IS HEREBY ORDERED:**

A.     That all capitalized terms contained herein shall have the same meanings as set forth in the Class Action Settlement Agreement and Release executed by the Settling Parties and filed with this Court (the "Settlement Agreement");

B.     That, pursuant to Fed. R. Civ. P. 23, the Settlement Agreement is preliminarily approved;

C.     That the following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):

> All persons who made a payment in person to the City of Chicago Office of the City Clerk using a personal (not business) credit or debit card at any location of the City Clerk's Office (121 N Clark St Rm 107, Chicago IL 60602; 5430 W Gale St, Chicago IL 60630; 5674 S Archer Ave, Unit A, Chicago IL 60638), during the period January 21, 2013 through May 29, 2013, and who received a receipt for the payment at the time of the transaction.

D.     That Scott D.H. Redman is hereby appointed as Class Representative;

E.     That Paul F. Markoff and Karl G. Leinberger are hereby appointed as Class Counsel;

23

F.      That notice be implemented pursuant to the terms of the Settlement Agreement, and Plaintiff's counsel shall submit, at least five (5) business days prior to the Fairness Hearing, an affidavit affirming that notice has been so given;

G.      That Class Members shall have 90 days from today's date **[insert date]** to submit claims, opt out or object to the proposed Settlement Agreement, and Class Counsel and Defendant's counsel shall have until five (5) business days prior to the Fairness Hearing to respond to objections, if any;

H.      That Class Counsel shall file an initial petition for attorneys' fees and costs within 30 days from today, and if Defendant contests Class Counsel's fee and cost petition, it shall make the disclosures identified in L.R. 54.3 and respond to the petition within 75 days from today, and Class Counsel shall thereafter have 21 days to reply;

I.      That a Fairness Hearing on the fairness and reasonableness of the proposed Settlement Agreement shall be held before this Court on _____ at _____ a.m./p.m.  The date of the Fairness Hearing may be changed without further notice to the Settlement Class;

J.      Pending final determination of whether the Settlement Agreement should be approved, Plaintiff and all Class Members, or those purporting to act on their behalf, unless and until they have timely excluded themselves as a Class Member, are enjoined directly, indirectly, representatively or in any other capacity, from filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as a filing, commencing, prosecuting, continuing, participating in as class members or otherwise, or seeking to certify a class in, or organizing a separate class of persons in a purported class action or otherwise (including by seeking to amend a complaint to include class allegations or by seeking class certification in a pending action in

24

any jurisdiction), or receiving any benefits or other relief from any other lawsuit, arbitration or administrative, regulatory or proceeding or order in any jurisdiction based on or relating in any way whatsoever to the claims and causes of action, or the facts or the circumstances alleged in the Lawsuit;

K.     Pending final determination of whether the Settlement Agreement shall be approved, all persons are enjoined from filing, commencing or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members or those who have not timely excluded themselves from the Class and Class Members, if such other lawsuit is based on or related to the claims and causes of action, or the facts and circumstances related to the Lawsuit; and

L.     [Insert name] shall be appointed Class Administrator and Class Counsel shall ensure the Class Administrator performs its duties in accordance with the Settlement Agreement and that the settlement is implemented in accordance with the terms of the Settlement Agreement.

_____
Honorable Sara L. Ellis
United States District Judge

25

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SCOTT D.H. REDMAN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 13 C 3810 |
| v. | ) ) | Judge Ellis |
| CITY OF CHICAGO, | ) ) | Magistrate Valdez |
| Defendant. | ) ) | |

<u>**[PROPOSED] FINAL APPROVAL ORDER**</u>

This matter coming before the Court on the joint request of Plaintiff, the Class Members and Defendant (the "Settling Parties") for final approval of the Class Action Settlement Agreement and Release ("Settlement Agreement"), and having considered the papers submitted to the Court and proceedings to date, **THE COURT FINDS AS FOLLOWS**:

5.      This Court has jurisdiction over the subject matter of the Lawsuit, the Class Representative, the Class Members and Defendant;

6.      Class Notice was provided as set forth in the Settlement Agreement;

7.      The dissemination of Notice, as provided for in the Preliminary Approval Order and the Settlement Agreement, constituted the best practicable notice under the circumstances to all Class Members and fully met the requirements of Fed. R. Civ. P. 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution and any other applicable law;

8.      _____ persons opted out of the Settlement Agreement;

9.      _____ Class Members objected to the Settlement Agreement [and no one appeared in Court to raise any objections to the settlement];

27

10.     The Settlement Agreement is fair, reasonable and adequate;

11.     The prerequisites to a class action under Fed. R. Civ. P. 23(a) have been satisfied

for settlement purposes, in that:

(a)     there are thousands of members of the Settlement Class;

(b)     there are questions of fact and law that are common to all members of the Settlement Class;

(c)     the claim of the Class Representative is typical of those of the other Class Members; and

(d)     the Class Representative has fairly and adequately protected the interests of the Settlement Class, and has retained counsel experienced in complex class action litigation who have and will continue to represent the class adequately;

12.     This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) for

settlement purposes because:

(a)     a settlement class is superior to other available methods for the fair and efficient adjudication of this controversy; and

(b)     questions of fact and law common to the members of the Settlement Class predominate over any questions affecting only individual members; and

13.     Notice of the settlement has been given to the appropriate state and federal

officials in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715.

**THEREFORE, IT IS HEREBY ORDERED:**

A. That all capitalized terms contained herein shall have the same meanings as set forth in

the Settlement Agreement;

B.     That the Settlement Agreement is finally approved and the Settling Parties shall

implement it pursuant to its terms;

C.     That, pursuant to Fed. R. Civ. P. 23(b)(3) and the Court's findings in the

Preliminary Approval Order, the Court hereby finally certifies, for settlement purposes, the

following Settlement Class:

> All persons who made a payment in person to the City of Chicago Office of the City Clerk using a personal (not business) credit or debit card at any location of the City Clerk's Office (121 N LaSalle St Rm 107, Chicago IL 60602; 5430 W Gale St, Chicago IL 60630; 5674 S Archer Ave, Unit A, Chicago IL 60638), during the period January 21, 2013 through May 29, 2013 and who received a receipt for the payment at the time of the transaction.

D.    That, pursuant to Fed. R. Civ. P. 23(b)(4) and 23(g), Scott D.H. Redman is appointed as Class Representative, and Paul F. Markoff and Karl G. Leinberger of Markoff Leinberger LLC are appointed as Class Counsel;

E.    That Class Counsel are awarded $----------- in attorneys' fees, which this Court finds to be reasonable and which will be paid from the Settlement Fund;

F.    That Class Counsel are awarded $---- in costs, which this Court finds to be reasonable and which will be paid from the Settlement Fund;

G.    That Plaintiff is awarded $5,000 for his individual claim and as an incentive award for his service on behalf of the Settlement Class, which this Court finds to be reasonable and which will be paid from the Settlement Fund;

H.    The following are excluded from the Settlement Class: [LIST OPT OUTS];

I.    That, except as to the persons listed above who have been excluded from the Settlement Class, the Court hereby dismisses the Lawsuit with prejudice; and

J.    That this Court bars and permanently enjoins all Class Members, except any person who timely and effectively requested exclusion from the Settlement Agreement, from instituting or prosecuting any action or proceeding, whether class or individual, against Defendant and all Defendant Releasees for liability based upon the Released Claims.

K.    The Parties are ordered to comply with the terms of the Settlement Agreement

29

and Class Counsel is directed to ensure the Settlement Fund is distributed in accordance with the Settlement Agreement. Class Counsel is further directed to file with the Court a final accounting showing the distribution of the Settlement Fund on or before _____.

ENTER:

_____
Honorable Sara L. Ellis
United States District Judge

Date: _____

30