UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT D.H. REDMAN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 13 C 3810 |
| v. | ) ) | Judge Ellis |
| CITY OF CHICAGO, | ) ) | Magistrate Valdez |
| Defendant. | ) | |

**PRELIMINARY APPROVAL ORDER**

This matter coming before the Court on the joint request of Plaintiff and Defendant (the "Settling Parties") for preliminary approval of a Class Action Settlement Agreement and Release, and having considered the papers submitted to the Court and proceedings to date, **THE COURT FINDS AS FOLLOWS**:

1. The Settling Parties have reached an agreement to settle all claims in the Lawsuit;

2. For purposes of settlement only, the Court preliminarily concludes that (a) the Settlement Class is ascertainable and sufficiently numerous such that joinder of all members of the Settlement Class is impracticable; (b) there exist common questions of law and fact, including whether Defendant's display of the more than the last five (5) digits of credit and debit card numbers and display of expiration dates of credit and debit cards on consumer copies of electronically-printed receipts constitutes a willful violation of the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681c(g); (c) the claim of Plaintiff Scott D.H. Redman is typical of the Class Members' claims; (d) Plaintiff Scott D.H. Redman is an appropriate and adequate representative for the Settlement Class and his attorneys, Paul F. Markoff and Karl G. Leinberger, are adequate and qualified to serve as Class Counsel; (e) common questions of law

and fact predominate over any questions affecting only individual Class Members; and (f) a class action is the superior method for the fair and efficient adjudication of the claims of the Class Members;

3. The proposed settlement is within the range of fairness and reasonableness and meets the requirements for preliminary approval;

4. The notice to the Settlement Class proposed in the Settlement Agreement is the best practicable notice under the circumstances, is the only notice to the Class Members that is required and such notice satisfies the requirements of Fed. R. Civ. P. 23(c)(2)(B).

**THEREFORE, IT IS HEREBY ORDERED:**

A. That all capitalized terms contained herein shall have the same meanings as set forth in the Class Action Settlement Agreement and Release executed by the Settling Parties and filed with this Court (the "Settlement Agreement");

B. That, pursuant to Fed. R. Civ. P. 23, the Settlement Agreement is preliminarily approved;

C. That the following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):

> All persons who made a payment in person to the City of Chicago Office of the City Clerk using a personal (not business) credit or debit card at any location of the City Clerk's Office (121 N Clark St Rm 107, Chicago IL 60602; 5430 W Gale St, Chicago IL 60630; 5674 S Archer Ave, Unit A, Chicago IL 60638), during the period January 21, 2013 through May 29, 2013, and who received a receipt for the payment at the time of the transaction.

D. That Scott D.H. Redman is hereby appointed as Class Representative;

E. That Paul F. Markoff and Karl G. Leinberger are hereby appointed as Class Counsel;

  F. That notice be implemented pursuant to the terms of the Settlement Agreement, and Plaintiff's counsel shall submit, at least five (5) business days prior to the Fairness Hearing, an affidavit affirming that notice has been so given;

  G. That Class Members shall have until August 26, 2015 (90 days from today's date) to submit claims, opt out or object to the proposed Settlement Agreement, and Class Counsel and Defendant's counsel shall have until five (5) business days prior to the Fairness Hearing to respond to objections, if any;

  H. That Class Counsel shall file an initial petition for attorneys' fees and costs by June 26, 2015 (29 days from today), and if Defendant contests Class Counsel's fee and cost petition, it shall make the disclosures identified in L.R. 54.3 and respond to the petition by August 11, 2015 (75 days from today), and Class Counsel shall thereafter have until September 1, 2015 (21 days) to reply.  Class Counsel's initial petition, and any subsequent petition, for attorneys' fees and costs need not be noticed for hearing, and they will be heard at the Fairness Hearing;

  I. That a Fairness Hearing on the fairness and reasonableness of the proposed Settlement Agreement shall be held before this Court on <u>September 9, 2015</u> at <u>9:30 a.m.</u>  The date of the Fairness Hearing may be changed without further notice to the Settlement Class;

  J. Pending final determination of whether the Settlement Agreement should be approved, Plaintiff and all Class Members, or those purporting to act on their behalf, unless and until they have timely excluded themselves as a Class Member, are enjoined directly, indirectly, representatively or in any other capacity, from filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as a filing, commencing, prosecuting, continuing, participating in as class members or otherwise, or seeking to certify a class in, or organizing a


separate class of persons in a purported class action or otherwise (including by seeking to amend a complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction), or receiving any benefits or other relief from any other lawsuit, arbitration or administrative, regulatory or proceeding or order in any jurisdiction based on or relating in any way whatsoever to the claims and causes of action, or the facts or the circumstances alleged in the Lawsuit;

K.  Pending final determination of whether the Settlement Agreement shall be approved, all persons are enjoined from filing, commencing or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members or those who have not timely excluded themselves from the Class and Class Members, if such other lawsuit is based on or related to the claims and causes of action, or the facts and circumstances related to the Lawsuit; and

L.  Dahl Administration, LLC shall be appointed Class Administrator and Class Counsel shall ensure the Class Administrator performs its duties in accordance with the Settlement Agreement and that the settlement is implemented in accordance with the terms of the Settlement Agreement.

_____  May 28, 2015
Honorable Sara L. Ellis
United States District Judge