**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SCOTT D.H. REDMAN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 13 C 3810 |
| v. | ) ) | Judge Ellis |
| CITY OF CHICAGO, | ) ) | Magistrate Valdez |
| Defendant. | ) ) | |

**JOINT MOTION FOR AMENDED PRELIMINARY**
**APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**

Plaintiff Scott D.H. Redman, on behalf of himself and a class of similarly-situated persons, and Defendant City of Chicago, by their respective undersigned counsel, and pursuant to Fed. R. Civ. P. 23(e), move this Court for amended preliminary approval of a proposed class action settlement. In support of this Motion, the parties respectfully state as follows:

1.      On May 28, 2015, this Court preliminarily approved a class action settlement in this case. [DE 62].

2.      Pursuant to the initial approval, which was premised on a Class Action Settlement Agreement and Release ("Settlement Agreement") [DE 58-1], the Class Administrator was to give direct mail notice to Class Members, because Defendant thought it had mailing addresses for all Class Members.

3.      Subsequent to preliminary approval, Defendant discovered that it did not have mailing addresses for approximately 1,033 of approximately 19,044 Class Members. Of those, Defendant has names and telephone numbers for 488 Class Members, thus leaving approximately 545 for which Defendant has no contact information.

4.      The parties propose additional notice to those Class Members as follows:

    A.    As to the 488 for whom Defendant has name and addresses, the Class Administrator will attempt to locate addresses using reverse telephone directories, skip tracing or other reasonable means. To the extent addresses still are not obtained, those Class Members would be provided publication notice.

    B.    As to the approximately 545 for whom Defendant has no contact information (and the portion of the 488 whose addresses were not obtained as set forth above), the Class Administrator will publish an abbreviated notice once in the Chicago Tribune.

5.      Rule 23(e)(1) requires that, in class settlements, notice be given "in a reasonable manner to all class members who would be bound by the proposal." Because this is a Rule 23(b)(3) class, Rule 23(c)(2)(B) requires that Class Members be given "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." In this case, individual notice will be given to those Class Members for whom Defendants have last known mail and/or email addresses.

6.      As set forth above, the Class Administrator will attempt to find addresses for 488 Class Members for whom Defendant has partial contact information.

7.      Obtaining contact information for the remaining class members is impracticable, if not impossible. Even if Defendant has card numbers (which it says that it does not), locating Class Members with that information would require (1) obtaining a master list of PAN numbers, which are the first six (6) digits of credit and debit card numbers and identify by number financial institutions that issued credit and debit cards used in Class Member transactions; (2) compiling from Defendant's records, if available, a list of PAN numbers from credit/debit transactions by class members; (3) matching the PAN numbers from transactions to financial institutions identified from the PAN list; (4) sending subpoenas to each financial institution (in this case in every federal jurisdiction in the country) requesting contact information for cardholders; (5) filing motions to

compel and obtain compulsion orders in each relevant federal jurisdiction in the country, because financial institutions will not voluntarily provide the requested information; (6) compiling a class list from the information received after obtaining compulsion orders and compliance from the financial institutions; (7) providing individual notice to each class member.[1]  Taking those steps could cost more than a hundred thousand dollars.[2]  Moreover, the cost of direct notice to those class members, once addresses are obtained, would be an additional expense.  Requiring such steps to be taken would be unreasonable under the circumstances.[3]

8.    The supplemental notice proposed here is appropriate as to Class Members whose addresses are unknown.[4]

9.    The added cost for these additional notice measures (and related administration costs) will be paid by Defendant separate from the Settlement Fund, thus not reducing the amount available to Class Members who submit claims.

10.    These revisions are set forth in the *Amendment to Class Action Settlement Agreement and Release* ("Amendment"), included herewith as **Exhibit 1** and incorporated herein by reference.

11.    The parties propose not changing the claim, exclusion and objection deadline (August 26, 2015), because (a) Class Members receiving notice pursuant to the Amendment will still have nearly two (2) months to submit claims, excludes themselves or object to the settlement; and (b) direct mail notices have already been printed for the approximately 18,436 other Class

---

1    *See e.g.*, *Rogers v. Khatra Petro, Inc.*, no. 2:08-cv-294, 2011 WL 611873, *1 (N.D. Ind. Feb. 14, 2011); *see also Armes v. Sogro, Inc.*, no. 08 C 244, 2012 WL 639480, at *4-5 (E.D. Wisc. Feb. 27, 2012).

2    *Id*.

3    *See Rogers*, 2011 WL 611873, at *1; *see also Armes v. Sogro*, 2012 WL 639480, at *5; *Hughes v. Kore of Indiana Enterprise, Inc.*, no. 13-8018,  2013 WL 4805600, at *4 (7th Cir. Sept. 10, 2013).

4    *See Rogers*, 2011 WL 611873, at *2; *Armes v. Sogro*, 2012 WL 639480, at *4.

Members, and reprinting would cause significant added expense and delays in mailing notices.

12.    The parties also propose delaying the deadline for Class Counsel's fee petition from June 26, 2015 to June 29, 2015, because Class Counsel has been focused on the issues addressed by this motion.  The parties propose that all other deadlines remain the same.

13.    The parties also seek to correct an error in the class definition, in which one of the Defendant's locations shows an address of 121 N Clark St, but should be 121 N LaSalle St.

**WHEREFORE**, and for purposes of settlement only, Plaintiff and Defendant request that this Court enter the Amended Preliminary Approval Order contemplated in the Amendment and granting such other relief as this Court deems proper.

SCOTT D.H. REDMAN,                    CITY OF CHICAGO,
Plaintiff,                            Defendant,

By:  /s Paul F. Markoff_____     By:  s/ Bart T. Murphy_____
     One of Plaintiff's Attorneys

Paul F. Markoff                       Bart T. Murphy
Karl G. Leinberger                    Thomas J. Hayes
Markoff Leinberger LLC                Isaac J. Colunga
134 N LaSalle St Ste 1050             Ice Miller LLP
Chicago IL 60602                      2300 Cabot Dr Ste 455
312.726.4162 (p)                      Lisle IL 60532
312.674.7272 (f)                      630.955.6392 (p)
paul@markleinlaw.com                  630.955.0662 (f)
                                      bart.murphy@icemiller.com

                                      Rebecca A. Hirsch
                                      City of Chicago Dept. of Law
                                      30 N LaSalle St Ste 1230
                                      Chicago IL 60602
                                      312.742.0260 (p)
                                      312.744.5185 (f)
                                      rebecca.hirsch@cityofchicago.org

## <u>CERTIFICATE OF SERVICE</u>

       I certify that I served a copy of this *Joint Motion for Amended Preliminary Approval of Class Action Settlement Agreement* on the following electronically by using the CM/ECF system on this 22nd day of June, 2015:


Bart T. Murphy (bart.murphy@icemiller.com)
Thomas J. Hayes (thomas.hayes@icemiller.com)
Isaac J. Colunga (isaac.colunga@icemiller.com)
Ice Miller LLP
2300 Cabot Dr Ste 455
Lisle IL 60532


Karen M. Dorff (kdorff@cityofchicago.org)
Rebecca A. Hirsch (rebecca.hirsch@cityofchicago.org)
City of Chicago Dept. of Law
30 N LaSalle St Ste 1230
Chicago IL 60602

                                <u>s/ Paul F. Markoff</u>
                                Paul F. Markoff