**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SCOTT D.H. REDMAN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 13 C 3810 |
| v. | ) ) | Judge Ellis |
| CITY OF CHICAGO, | ) ) | Magistrate Valdez |
| Defendant. | ) ) | |

## AMENDMENT TO CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

**IT IS HEREBY STIPULATED AND AGREED** by and between Scott D.H. Redman, individually and on behalf of all others similarly situated; and City of Chicago, as set forth below:

### INTRODUCTION

The Settling Parties entered into a Settlement Agreement on March 17, 2015.[1] On May 28, 2015, the Court preliminarily approved the Settlement Agreement by entering a Preliminary Approval Order. At the time the Settlement Agreement was executed, the Settling Parties believed that Defendant had names and mailing addresses for each Class Member, so the Settling Parties provided for Class Notice to be provided by direct mail only. Subsequently, Defendant has disclosed that it does not have mailing addresses for approximately 988 Class Members. Therefore, the Settling Parties desire to amend the Settlement Agreement to provide for notice to those approximately 988 Class Members, as more fully set forth in this Amendment to Class Action Settlement Agreement and Release ("Amendment"). Except as expressly modified herein, the Settlement Agreement otherwise remains unchanged.

---

[1] Capitalized terms are given the same meaning here as they were defined in the Settlement Agreement.

1

Exhibit 1

## DEFINITIONS

As used in all parts of this Amendment Agreement, the following terms have the meanings specified below:

1.27 "Amended Preliminary Approval Order" means an order to be entered by the Court, entitled "Amended Preliminary Approval Order," substantially in the form attached hereto as **Exhibit F**.

## TERMS AND CONDITIONS

Paragraph 2.2 of the Settlement Agreement shall now read as follows:

2.2 **Settlement Fund**. Defendant shall pay a total of $571,320 (the "Settlement Fund") to Plaintiff and the Settlement Class to settle this Lawsuit. Within 7 days after entry of a Preliminary Approval Order, Defendant shall pay $50,000 to the Class Administrator, which shall be used to provide notice to Class Members and associated administrative costs. Within 5 business days after the Effective Date, Defendant shall pay $521,320 to the Client Trust Account of Class Counsel, which shall be used to pay Participating Claimants, Class Representative, Class Counsel and associated administrative costs and any other disbursements ordered by the Court or required under the Settlement Agreement. Class Counsel may use the Claims Administrator to perform these services. Once Defendant pays the total sum of $571,320 it shall have no further financial obligations to the Settlement Class Members under the Settlement Agreement. Notwithstanding the foregoing, in addition to the $571,320 set forth herein, Defendant shall pay the Class Administrator the amount necessary to provide the additional notice and administration costs, as set forth in paragraphs 2.5(A1) and 2.5(A2) below.

Paragraph 2.5 of the Settlement Agreement shall now include sub-paragraphs A1 and A2 and sub-paragraph D shall be amended, as follows:

A1. Number Tracing. The Class Administrator shall attempt to locate, through reverse number directories, skip tracing, personal phone calls or any other reasonable means, mailing addresses for the 488 Class Members that applied for Passports at the Clerk's Office during the Class Period and for whom Defendant has names and telephone numbers but not mailing addresses. If the Class Administrator is able to obtain mailing addresses, it shall mail the notice referenced in paragraph 2.5(A) above to such Class Members within 72 hours of receiving the mailing addresses. If the Class Administrator is unable to obtain a Class Member's mailing address using reasonable means, notice will be provided pursuant to paragraph A2 below. Defendant shall pay the notice and administration costs for the actions described in this sub-paragraph separate from the Settlement Fund, which payment shall be made to the Class Administrator on its demand (or to Class Counsel f/b/o the Class Administrator).

2

A2. <u>Publication Notice</u>. The Class Administrator shall cause Publication Notice (**Exhibit E** hereto) to be published, no later than 14 days after entry of an Amended Preliminary Approval Order, once in the Chicago Tribune. Defendant shall pay the notice and administration costs for the actions described in this sub-paragraph separate from the Settlement Fund, which payment shall be made to the Class Administrator on its demand (or to Class Counsel f/b/o the Class Administrator).

D. <u>Costs</u>. Except for compiling and providing the class list, executing the number tracing and publishing notice in the Chicago Tribune, the costs of Class Notice shall be paid from the Settlement Fund as such costs are incurred and as directed by the Class Administrator. If this Settlement Agreement is terminated or if the Court does not approve this Settlement Agreement, Defendant shall bear the costs of Class Notice incurred to that date.

The Settlement Agreement shall now include paragraph 2.7A, as follows:

2.7A **<u>Amended Preliminary Approval Order</u>**. As soon as practicable after execution of this Amendment, the Settling Parties shall seek an order from the Court substantially in the form of Exhibit F, that approves this Amendment and the amended Class Notice proposed herein.

The fact that the Court may require changes in the Amended Preliminary Approval Order will not invalidate the Settlement Agreement or this Amendment if the changes do not materially modify the Settlement Agreement or this Amendment.

Sub-paragraph 2.9(D) shall now read as follows:

D. <u>Costs</u>. Except for costs of administration and notice related to the addition of paragraphs 2.5(A1) and (A2), which shall be paid by Defendant as set forth therein, reasonable costs of administration set forth in this paragraph 2.9 shall be paid from the Settlement Fund as they are incurred and as directed by the Class Administrator. Class Representative, Class Members and Class Counsel shall have no responsibility for any costs related thereto. If this Settlement Agreement is terminated or if the Court does not approve this Settlement Agreement, Defendant shall bear the reasonable costs of administration incurred up to that date.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**IN WITNESS WHEREOF**, the Settling Parties hereto, have so agreed on the dates noted below.

**SCOTT D.H. REDMAN,**
Plaintiff and Class Representative,

By: _____      6, 22, 15
Scott D.H. Redman                                    _____
                                                                    Date

**CITY OF CHICAGO,**
Defendant,

By: _____      ____/____/_____

Its: _____

4

**IN WITNESS WHEREOF**, the Settling Parties hereto, have so agreed on the dates noted below.

**SCOTT D.H. REDMAN,**
Plaintiff and Class Representative,

By: _____          _____/_____/_____
         Scott D.H. Redman                                    Date


**CITY OF CHICAGO,**
Defendant,

By: *Rebecca Hirsch*                              6 /22/ 15

Its: *Senior Counsel*

4

# EXHIBIT E

**CHICAGO CITY CLERK'S OFFICE**
**NOTICE OF CLASS ACTION SETTLEMENT**
**REGARDING DEBIT/CREDIT CARD RECEIPTS**
*Redman v. City of Chicago*, Case No.13 C 3810
U.S. District Court, Northern District of Illinois Eastern Division

www.clerkcardsettlement.com

To: All persons who made a payment in person to the City of Chicago Office of the City Clerk using a personal (not business) credit or debit card at any location of the City Clerk's Office (121 N LaSalle St Rm 107, Chicago IL 60602; 5430 W Gale St, Chicago IL 60630; 5674 S Archer Ave, Unit A, Chicago IL 60638), during the period January 21, 2013 through May 29, 2013 and who received a receipt for the payment at the time of the transaction. ("Class").

**This may affect your legal rights.**

The Plaintiff in this lawsuit alleges that Defendant City of Chicago Office of the City Clerk wrongly printed more than the last 5 digits and the expiration date of credit or debit cards on customer receipts in violation of the Fair and Accurate Credit Transactions Act. Defendants deny the allegations and deny they did anything wrong. The court has not decided who is right. The parties agreed to settle this lawsuit, in which Class Members have an opportunity to receive a pro-rata share of the $571,320 Settlement Fund, less other items paid from the Settlement Fund.

You may submit a claim online at **www.clerkcardsettlement.com** or can call the Class Administrator at 877.746.4151 to obtain a claim form. You must submit a claim to receive money.

You can also object to the proposed settlement, exclude yourself from the class by sending a letter so stating or appear in the case. The deadline to act is **August 26, 2015**.

This is an abbreviated version of the full class notice. Please visit **www.clerkcardsettlement.com** for more information and to submit a claim, or call the Class Administrator at 877.746.4151 to receive a claim form and full notice by mail.

**DO NOT CONTACT THE COURT FOR INFORMATION,**
**AS IT WILL NOT BE ABLE TO ASSIST YOU**

# EXHIBIT F

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SCOTT D.H. REDMAN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 13 C 3810 |
| v. | ) ) | Judge Ellis |
| CITY OF CHICAGO, | ) ) | Magistrate Valdez |
| Defendant. | ) ) | |

**[PROPOSED] AMENDED PRELIMINARY APPROVAL ORDER**

This matter coming before the Court on the joint request of Plaintiff and Defendant (the "Settling Parties") for amended preliminary approval of a Class Action Settlement Agreement and Release and Amendment to Class Action Settlement Agreement and Release, and having considered the papers submitted to the Court and proceedings to date, **THE COURT FINDS AS FOLLOWS**:

1.      The Settling Parties have reached an agreement to settle all claims in the Lawsuit;

2.      For purposes of settlement only, the Court preliminarily concludes that (a) the Settlement Class is ascertainable and sufficiently numerous such that joinder of all members of the Settlement Class is impracticable; (b) there exist common questions of law and fact, including whether Defendant's display of the more than the last five (5) digits of credit and debit card numbers and display of expiration dates of credit and debit cards on consumer copies of electronically-printed receipts constitutes a willful violation of the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681c(g); (c) the claim of Plaintiff Scott D.H. Redman is typical of the Class Members' claims; (d) Plaintiff Scott D.H. Redman is an appropriate and adequate representative for the Settlement Class and his attorneys, Paul F. Markoff and Karl G.

8

Leinberger, are adequate and qualified to serve as Class Counsel; (e) common questions of law and fact predominate over any questions affecting only individual Class Members; and (f) a class action is the superior method for the fair and efficient adjudication of the claims of the Class Members;

3. The proposed settlement is within the range of fairness and reasonableness and meets the requirements for preliminary approval;

4. The notice to the Settlement Class proposed in the Settlement Agreement and Amendment is the best practicable notice under the circumstances, is the only notice to the Class Members that is required and such notice satisfies the requirements of Fed. R. Civ. P. 23(c)(2)(B).

**THEREFORE, IT IS HEREBY ORDERED:**

A. That all capitalized terms contained herein shall have the same meanings as set forth in the Class Action Settlement Agreement and Release ("Settlement Agreement") and the Amendment to Class Action Settlement Agreement and Release ("Amendment") executed by the Settling Parties and filed with this Court;

B. That, pursuant to Fed. R. Civ. P. 23, the Settlement Agreement is preliminarily approved;

C. That the following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):

> All persons who made a payment in person to the City of Chicago Office of the City Clerk using a personal (not business) credit or debit card at any location of the City Clerk's Office (121 N Clark St Rm 107, Chicago IL 60602; 5430 W Gale St, Chicago IL 60630; 5674 S Archer Ave, Unit A, Chicago IL 60638), during the period January 21, 2013 through May 29, 2013, and who received a receipt for the payment at the time of the transaction.

D.       That Scott D.H. Redman is hereby appointed as Class Representative;

E.       That Paul F. Markoff and Karl G. Leinberger are hereby appointed as Class Counsel;

F.       That notice be implemented pursuant to the terms of the Settlement Agreement and Amendment, and Plaintiff's counsel shall submit, at least five (5) business days prior to the Fairness Hearing, an affidavit affirming that notice has been so given;

G.       That Class Members shall have until August 26, 2015 (90 days from initial Preliminary Approval) to submit claims, opt out or object to the proposed settlement, and Class Counsel and Defendant's counsel shall have until five (5) business days prior to the Fairness Hearing to respond to objections, if any;

H.       That Class Counsel shall file an initial petition for attorneys' fees and costs by June 29, 2015, and if Defendant contests Class Counsel's fee and cost petition, it shall make the disclosures identified in L.R. 54.3 and respond to the petition by August 11, 2015, and Class Counsel shall thereafter have until September 1, 2015 to reply;

I.       That a Fairness Hearing on the fairness and reasonableness of the proposed Settlement Agreement shall be held before this Court on September 9, 2015 at 9:30 a.m.  The date of the Fairness Hearing may be changed without further notice to the Settlement Class;

J.       Pending final determination of whether the Settlement Agreement should be approved, Plaintiff and all Class Members, or those purporting to act on their behalf, unless and until they have timely excluded themselves as a Class Member, are enjoined directly, indirectly, representatively or in any other capacity, from filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as a filing, commencing, prosecuting, continuing, participating in as class members or otherwise, or seeking to certify a class in, or organizing a

10

separate class of persons in a purported class action or otherwise (including by seeking to amend a complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction), or receiving any benefits or other relief from any other lawsuit, arbitration or administrative, regulatory or proceeding or order in any jurisdiction based on or relating in any way whatsoever to the claims and causes of action, or the facts or the circumstances alleged in the Lawsuit;

K.      Pending final determination of whether the Settlement Agreement shall be approved, all persons are enjoined from filing, commencing or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members or those who have not timely excluded themselves from the Class and Class Members, if such other lawsuit is based on or related to the claims and causes of action, or the facts and circumstances related to the Lawsuit; and

L.      Dahl Administration, LLC shall be appointed Class Administrator and Class Counsel shall ensure the Class Administrator performs its duties in accordance with the Settlement Agreement and that the settlement is implemented in accordance with the terms of the Settlement Agreement.


_____
Honorable Sara L. Ellis
United States District Judge


11